UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RONALD BORDEAUX, JR.,

        Plaintiff,

v.

MDOC BUREAU OF HEALTH CARE,

        Defendant.
_____/

Case No. 1:22-cv-25

Honorable Sally J. Berens

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

      Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. Additionally, the Court will deny Plaintiff's request for the appointment of counsel. (ECF No. 1, Page.ID.2, 5.)

**Discussion**

I.  **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.  The events about which he complains occurred at that facility and the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan.  (Compl., ECF No. 1, PageID.1; *see* ECF No. 1-3, PageID.22.)  Plaintiff sues the MDOC Bureau of Health Care.

In Plaintiff's complaint, he alleges that since his "arriv[al] at Jackson RGC [on] Jan. 14, 2020," and continuing to the present, his rights have been violated "due to the neglect [and] denial of health services, inadequate care [and] [mis]conduct [and] discretion on the part of the administrators endangering [his] health and well-being." (ECF No. 1-1, PageID.9; Compl., ECF No. 1, PageID.1.)  Plaintiff also alleges that "[h]is right to due process of the law [has been violated] . . . [because he is] unable to seek medical treatment [and] care." (Compl., ECF No. 1, PageID.1.)  Further, Plaintiff alleges that his "[r]ight to be free from abuse of discretion on the part of administrators" and his "[r]ight to be free from infliction of cruel [and] unusual punishments as[] guaranteed by the 8th Amendment" have been "[v]iolated extremely over [and] over." (*Id.*)

Plaintiff contends that "[t]here is intentional denial of needed medical care [and] prison officials['] conduct[] indicat[es] deliberate indifference[] to [his] medical need . . . over [and] over." (*Id.*)  Plaintiff further contends that "[t]here is no adequate med[ical] staff[] [and] [n]urses are making all the diagnos[es]." (*Id.*)  Plaintiff states that he has "never met a Dr. inside prison[] [and] [n]o Dr. has ever examined [him]" during his incarceration. (*Id.*)  Plaintiff's "health is/has deteriorated," and he "ha[s] lost muscle mass, teeth, perception, trained thought[,] memory, etc.[,] . . . [and] gained PTSD, trauma, physically challenged as in what are these long term effects, mentally [and] emotionally." (*Id.*, PageID.1–2.)  In support of his claims, Plaintiff attached

2

documents that are written as a stream-of-consciousness narrative describing various medical issues that he has faced beginning in 2020 and continuing to the present.[1]  (ECF No. 1-1, PageID.10–16.)

As relief, Plaintiff requests that he be released from incarceration, and he requests that he receive various medical care following his release.  (Compl., ECF No. 1, PageID.4.)  Additionally, Plaintiff states that "[he] do[es] believe there should be some settlement/compensation."  (*Id.*, PageID.5.)

## II.     Request for the appointment of counsel

Plaintiff has requested the appointment of counsel.  (ECF No. 1, PageID.2, 5.)  Indigent parties in civil cases have no constitutional right to a court-appointed attorney.  *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993).  The Court may, however, request an attorney to serve as counsel, in the Court's discretion.  *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances.  In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel.  *See Lavado*, 992 F.2d at 606.  The Court carefully considered these factors and determined that the assistance of counsel was not necessary to the proper presentation of Plaintiff's position.  Plaintiff's request for the appointment of counsel (ECF No. 1, PageID.2, 5) therefore will be denied.

---

[1] The Court has reviewed these documents; however, in the interests of judicial economy and efficiency, the Court does not summarize the contents of these documents in this opinion due to the stream-of-consciousness style of the writing.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983

is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In this action, Plaintiff names the MDOC Bureau of Health Care as the sole Defendant. (Compl., ECF No. 1, PageID.1.) However, Plaintiff may not maintain a Section 1983 action against the MDOC Bureau of Health Care. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has held that the MDOC is absolutely immune from a Section 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Likewise, the MDOC Bureau of Health Care is a subdivision of the MDOC and is also absolutely immune from suit under Section 1983. *See Coston v. Corizon, Inc.*, No. 1:17-cv-249, 2017 WL 1206263, at *2 (W.D. Mich. Apr. 3, 2017) (citations omitted). Therefore, Plaintiff's claims against the MDOC Bureau of Health Care are properly dismissed on grounds of immunity.

Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under Section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d

5

at 771.  Therefore, Plaintiff's claims against the MDOC Bureau of Health Care are also properly dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b), and 42 U.S.C. § 1997e(c).

## Conclusion

Plaintiff's request for the appointment of counsel (ECF No. 1, PageID.2, 5) will be denied. Furthermore, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: February 8, 2022                                                      /s/ Sally J. Berens
                                                                                        SALLY J. BERENS
                                                                                        U.S. Magistrate Judge